MING GAO WU, Petitioner,

v.

DEPARTMENT OF HOMELAND SE-
CURITY, Attorney General Alber-
to R. Gonzales,[1] Respondents.

No. 04–6607–AG NAC.

United States Court of Appeals,
Second Circuit.

March 23, 2006.

Sunit K. Joshi, New York, New York,
for Petitioner.

Chuck Rosenberg, United States Attor-
ney, Southern District of Texas, Tim S.
Braley, Assistant United States Attorney,
Houston, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS,
Hon. ROBERT D. SACK, and Hon.
PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ming Gao Wu petitions for review of a
final order of the BIA affirming an im-
migration judge's ("IJ") decision, which
denied his application for asylum, with-
holding of removal, and relief under the
Convention Against Torture ("CAT").
We assume the parties' familiarity with
the underlying facts and procedural his-
tory of the case.

This Court reviews the IJ's decision di-
rectly where, as here, the BIA summarily
adopted or affirmed the IJ decision with-
out opinion. *See Twum v. INS,* 411 F.3d
54, 58 (2d Cir.2005). This Court reviews
the agency's factual findings under the

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Alberto R.
Gonzales is automatically substituted for for-
mer Attorney General John Ashcroft as the
respondent in this case.

substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 287–88 (2d Cir.2000).

The IJ's decision on remand from the BIA was based on substantial evidence, and, as such, the BIA was correct to affirm it.

In that decision, the IJ stated valid criticisms she had with the weight of certain documents and the absence of others. She also noted two inconsistencies between Wu's testimony and his supporting documents that were borne out by the record. Wu's testimony that neither he nor his wife objected to the initial IUD insertion was contradicted by his wife's statement that they "refused to comply with the order." Further, Wu's wife's specific account of the details could be viewed, as it was by the IJ, as being in conflict with Wu's prior testimony that she had experienced memory loss as a result of the procedure.

The IJ's decision to deny withholding of removal on the adverse credibility finding made as to the asylum claim was proper, as the only evidence of a threat to Wu's life or freedom depended upon his credibility. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). The IJ's decision to deny CAT relief on a finding that Wu had "failed to present evidence that [he] ever suffered torture or that it is more likely than not that he would suffer torture, if forced to return [to China]" was proper. *See Ramsameachire,* 357 F.3d at 184 (the agency is required to consider *"all* evidence of possible torture proffered by the alien, regardless of the weight it accords the alien's testimony.")

Accordingly, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).